UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA CORP., PHARMACIA & UPJOHN INC., PHARMACIA & UPJOHN COMPANY, G.D. SEARLE & CO, G.D. SEARLE LLC, SEARLE LLC (DELAWARE) and SEARLE LLC (NEVADA) | CIV. ACTION NO. 04-754 (JCL) |
| | **OPINION** |
| Plaintiffs, | Teva's In Limine Motion No. 2 |
| v. | |
| TEVA PHARMACEUTICALS USA, INC. | |
| Defendant. | |

**LIFLAND, District Judge**

This case arises out of Teva Pharmaceuticals U.S.A., Inc.'s ("Teva" or "Defendant") alleged infringement of U.S. Patent Nos. 5,466,823; 5,563,165; and 5,760,068 (the "patents-in-suit"), which are held by Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn Inc., Pharmacia & Upjohn Company, G.D. Searle & Co., G.D. Searle LLC, Searle LLC (Delaware), and Searle LLC (Nevada) (collectively "Pfizer" or "Plaintiffs"). The patents-in-suit are directed toward celecoxib, the active ingredient in Celebrex, and a broad genus of compounds that includes celecoxib, pharmaceutical compositions including such compounds, and methods

1

of using such compounds.

Before the Court is Teva's in limine motion No. 2 to preclude evidence concerning Pfizer's efforts to develop a COX-2 2 selective inhibitor. Pfizer has indicated that it intends to proffer evidence regarding the multi-year efforts of several inventors to create the inventions at issue. Teva claims this evidence is improper under Federal Rules of Evidence 402 and 403 because the evidence is irrelevant and would waste the Court's time. The Court disagrees.

Teva first argues that Pfizer's long-term efforts are improper because whether the invention was the result of "long efforts, an instantaneous thought or otherwise is irrelevant." (Memorandum in Support of Teva's In Limine Motion No. 2, at 1.) Although this proposition is true, Teva's reliance on it is misplaced and misleading. The last sentence of 35 U.S.C. § 103(a) provides that "[p]atentability shall not be negatived by the manner in which the invention was made." As Pfizer correctly notes in its opposition papers, this provision was enacted in order to expand the circumstances under which patents could be attained. Prior to enactment of § 103(a), courts often required applicants to establish that the invention was the result of a "flash of genius." See Roger Schecter and John Thomas, Principles of Patent Law 151-53 (2d ed.)  Section 103(a) was enacted to eliminate this requirement. It expands the realm of

2

patentable inventions. It does not render all information regarding the manner in which the invention was made irrelevant.

Teva next argues that the efforts of the actual inventors are irrelevant to the obviousness inquiry because obviousness is determined from the point of view of a hypothetical person having ordinary skill in the art—not the actual inventor. This is a correct statement of the law, but an incorrect assessment of the practical evidentiary effect. The "Federal Circuit has frequently focused on the unsuccessful attempts of the patentee in its obviousness analyses," and other courts have followed suit. Syntex LLC v. Apotex, Inc., No. 01-2214, 2006 U.S. Dist LEXIS 36089, at *78 (N.D. Cal. June 2, 2006). For example, courts have considered inventors' extensive efforts and unsuccessful attempts to be probative of lack of suggestion or motivation to combine prior art, and the secondary consideration of failed attempts. See Micro Chem, Inc. V. Great Plains Chem. Co., 103 F.3d 1538, 1547 (Fed. Cir. 1997) (stating that the inventor's "extensive efforts to solve the problem of isolating the weighing system indicate the absence of a suggestion to combine [the prior art references]"); Syntex LLC, 2006 U.S. Dist LEXIS 36089, at *77-78 (holding that unsuccessful attempts of the inventor are relevant to the obviousness analysis); see also In re Dow Chemical Co., 837 F.2d 469, 473 (Fed. Cir. 1988) (stating that "the five to six years of research that

preceded the claimed invention" was "entitled to fair evidentiary weight").  Here, Pfizer alleges that the information is relevant to establishing these, and other, relevant considerations.

Accordingly, Teva's in limine motion No. 2 to preclude Pfizer from submitting evidence concerning its extensive efforts to develop a COX-2 2 selective inhibitor will be denied.

/s/     John C. Lifland, U.S.D.J.

Dated: October 13, 2006