UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA CORP., PHARMACIA & UPJOHN INC., PHARMACIA & UPJOHN COMPANY, G.D. SEARLE & CO, G.D. SEARLE LLC, SEARLE LLC (DELAWARE) and SEARLE LLC (NEVADA) | CIV. ACTION NO. 04-754 (JCL) |
| | **OPINION** |
| Plaintiffs, | Pfizer's Motion In Limine No. 4 |
| v. | |
| TEVA PHARMACEUTICALS USA, INC. | |
| Defendant. | |

**LIFLAND, District Judge**

This case arises out of Teva Pharmaceuticals U.S.A., Inc.'s ("Teva" or "Defendant") alleged infringement of U.S. Patent Nos. 5,466,823; 5,563,165; and 5,760,068 (the "patents-in-suit"), which are held by Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn Inc., Pharmacia & Upjohn Company, G.D. Searle & Co., G.D. Searle LLC, Searle LLC (Delaware), and Searle LLC (Nevada) (collectively "Pfizer" or "Plaintiffs"). The patents-in-suit are directed toward celecoxib, the active ingredient in Celebrex, and a broad genus of compounds that includes celecoxib, pharmaceutical compositions including such compounds, and methods

1

of using such compounds.

Before the Court is Pfizer's motion in limine No. 4 to exclude testimony in unrelated United States and foreign actions. Teva has stated that it intends to introduce the deposition testimony of several witnesses from prior unrelated proceedings. Pfizer argues that all of this testimony should be excluded under Federal Rules of Evidence 402 and 403 because it is irrelevant and cumulative. Moreover, Pfizer claims that the testimony of Dr. Khanna is inadmissible hearsay that does not fall within any exception. Dr. Khanna was not a Pfizer employee when deposed.

Neither party has explained to the Court the content or context of the deposition testimony. Pfizer's relevance argument appears in one conclusory sentence: "Such testimony is generally irrelevant because the [prior] actions did not involve the patents-in-suit and concerned different legal and scientific issues from those now in dispute." (Pfizer's Memorandum of Law in Support of its Motion in Limine No. 4, at 2.) Pfizer assumes that no relevant testimony could possibly emerge out of a prior action involving different patents. This may not be true. For example, as Teva points out in its opposition papers, "testimony from prior proceedings regarding prior art also asserted in the present litigation is very relevant, regardless of the patents involved in the prior litigation." (Teva's

2

Memorandum of Law in Opposition to Pfizer's Motion in Limine No. 4, at 2.)

But Teva also fails to offer any explanation as to why the particular evidence <u>is</u> relevant. Other than the one sentence reproduced above, which implies but does not state that the prior testimony has something to do with prior art, Teva makes no representations about the content of the testimony or its relevance to the instant proceedings.

Ultimately, this lack of information militates against Pfizer. The Court cannot rule on the relevance of evidence when it has no information on which to base its conclusion. In short, the Court cannot, on the record before it, preclude the prior testimony as irrelevant.

Nor can the Court determine whether the proposed testimony is cumulative. Pfizer says it is, but provides no information about the content of the testimony at issue or the evidence of which it is allegedly duplicative. Pfizer claims that where, as here, a party has taken extensive deposition testimony, the Court should exercise its discretion and preclude prior deposition testimony from the same witnesses. Although the Court sees the logic in this proposition, the mere fact that extensive deposition testimony has been taken in the instant case does not necessarily render the prior testimony cumulative. <u>Schmidt v. Duo-Fast Corp.</u>, No. 94-6541, 1996 U.S. Dist. LEXIS 6106 (E.D. Pa. May 7, 1996), the only case

cited by Pfizer in support of its argument that the evidence is cumulative, is not to the contrary.  In Schmidt, the United States District Court for the Eastern District of Pennsylvania precluded prior deposition testimony as irrelevant after comparing the testimony in the case before it to the testimony given in the prior action to determine whether the evidence was in fact cumulative.  The Court did not preclude the evidence merely because the same witnesses were deposed in the prior case and the case at bar.  Accordingly, the Court cannot, on the record before it, preclude the prior testimony as cumulative.

     Finally, Pfizer claims that Dr. Khanna's testimony should be precluded because it is inadmissible hearsay that does not fall within any exception.  Teva does not dispute that the testimony is hearsay, but contends that it is admissible because it falls within the former testimony exception to the hearsay rule.  In order for former testimony to be admissible as an exception to the hearsay rule: (1) the declarant must be unavailable; (2) testimony must be taken at a hearing, deposition, or civil action or proceeding; and (3) the party against whom the testimony is now offered must have had an opportunity and similar motive to develop the prior testimony by direct, cross, or redirect examination.  See Fed. R.

Evid. 804(b)(1).[1]

Pfizer does not dispute that the first two requirements are met. Regarding the third requirement, Pfizer states: "It is clear that no 'similar motive' exists here." (Pfizer's Memorandum of Law in Support of its Motion in Limine No. 4, at 4.) Pfizer offers no support for this position beyond its conclusory assertion that it "clearly lacked a motive to develop the testimony in the[] former actions" because those actions "involved neither the patents-in-suit nor the same legal issues." (Id.) Teva contends that Pfizer did have a similar motive to develop the testimony in the prior actions. Teva's explication on this position is as follows:

> Dr. Khanna's prior deposition testimony was given at an interference proceeding between Searle and Sankyo Co., Ltd. regarding COX-2 selective compounds. In the proceeding, Searle had every incentive to set forth their general practices and methods of testing their COX-2 selective compounds to establish an earlier invention date vis-à-vis the Sankyo patent. Here, although involving different patents, Plaintiffs have similar incentive to set forth their general practices and methods

---

[1] Rule 804 of the Federal Rules of Evidence states in relevant part:
(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
  (1) Former testimony. Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed. R. Evid. 804(b)(1).

5

>of testing their COX-2 selective compounds to establish an earlier invention date vis-à-vis prior art relevant to this litigation on which Teva relies as one of the primary references.

(Teva's Memorandum of Law in Opposition to Pfizer's Motion in Limine No. 4, at 5-6.) Although Teva thus provides some information, it is not sufficient for this Court to reach a well-reasoned conclusion as to Pfizer's motive (or lack thereof) to develop the testimony in the prior action. See Kirk v. Raymark Indus., Inc., 61 F.3d 147, 166 (3d Cir. 1995) (finding that a district court "would have been unable to reach a well-reasoned conclusion" as to similar motive when the district court did not have the complaint, answer, or jury charge from the state court proceedings.).

Here, unlike in the relevance and cumulativeness analysis, the lack of information militates against Teva. Since the parties agree that Dr. Khanna's prior testimony is hearsay, the burden is on Teva to prove that it falls within an exception to the hearsay rule. Teva has not met this burden. Since the Court cannot, on the record before it, conclude that Pfizer had a similar motive to develop Dr. Khanna's testimony in the prior action, Pfizer's motion to exclude Dr. Khanna's testimony on hearsay grounds will be granted.

Accordingly, Pfizer's in limine motion No. 4 to exclude testimony in unrelated United States and foreign actions will be granted with respect to Dr.

Khanna's testimony and denied in all other respects.

/s/    John C. Lifland, U.S.D.J.

Dated: October 26, 2006