UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA CORP., PHARMACIA & UPJOHN INC., PHARMACIA& UPJOHN COMPANY, G.D. SEARLE & CO, G.D. SEARLE LLC, SEARLE LLC (DELAWARE) and SEARLE LLC (NEVADA) | CIV. ACTION NO. 04-754 (JCL) |
| Plaintiffs, | **OPINION** |
| v. | Teva's In Limine Motion No. 5 |
| TEVA PHARMACEUTICALS USA, INC. | |
| Defendant. | |

**LIFLAND, District Judge**

This case arises out of Teva Pharmaceuticals U.S.A., Inc.'s ("Teva" or "Defendant") alleged infringement of U.S. Patent Nos. 5,466,823; 5,563,165; and 5,760,068 (the "patents-in-suit"), which are held by Pfizer, Inc., Pharmacia Corp., Pharmacia & Upjohn Inc., Pharmacia & Upjohn Company, G.D. Searle & Co., G.D. Searle LLC, Searle LLC (Delaware), and Searle LLC (Nevada) (collectively "Pfizer" or "Plaintiffs").

Before the Court is Teva's in limine motion No. 5 to preclude evidence relating to Deramaxx. Celebrex is an anti-inflammatory approved for use in

1

humans. The patents-in-suit cover a broad genus of compounds that include celecoxib (the active ingredient in Celebrex), pharmaceutical compositions including such compounds, and methods of using such compounds. Several of the asserted claims of the patents-in-suit also cover deracoxib.[1] Deracoxib is the active ingredient in Deramaxx, an anti-inflammatory drug used for treatment of pain and arthritis in dogs.

Pfizer licensed Deramaxx in exchange for certain payments. Pfizer has declared its intent to introduce evidence of this license as a secondary consideration supporting non-obviousness of the asserted claims. Teva seeks preclusion of this evidence on the ground that it is not probative of the non-obviousness of the asserted claims.[2]

It is well established that secondary considerations, including the existence of licenses under the patented invention, may be "highly probative of the issue of

---

[1] Teva concedes that compound claims 1-3, 7, and 8 of the '823 patent, and composition claims 1-4, 15, and 16 of the '165 patent cover deracoxib. (Memorandum in Support of Teva's Motion in Limine No. 5, at 4.)

[2] Teva also asks this Court to preclude evidence of the commercial success of Deramaxx as indicative of non-obviousness, but Pfizer has declared that it does not intend to present such evidence, or to argue that the Deramaxx license is relevant to the commercial success of Celebrex. (Plaintiffs' Opposition to Defendant's Motion in Limine No. 5, at 2 n.1.) Accordingly, the Court will not address this issue.

nonobviousness." <u>Arkie Lures, Inc. V. Advanced Semiconducter Materials Am., Inc.</u>, 98 F.3d 1563, 1570 (Fed. Cir. 1997). Indeed, evidence of secondary considerations, when present, "must always . . . be considered en route to a determination of obviousness." <u>Stratoflex, Inc. v. Aeroquip Corp.</u>, 713 F.2d 1530, 1538 (Fed. Cir. 1983). Teva, however, directs the Court to cases which state that evidence of secondary considerations must be commensurate with the scope of the asserted claims. <u>See, e.g.</u>, <u>In re Peterson</u>, 315 F.3d 1325, 1330-31 (Fed. Cir. 2003); <u>In re Hiniker Co.</u>, 150 F.3d 1362, 1369 (Fed. Cir. 1998). Teva contends that the evidence with respect to Deramaxx is not commensurate with the scope of the asserted claims because Deramaxx is only one of the numerous compounds covered by the genus claims, and should therefore be precluded.

The United States District Court for the District of Delaware addressed this argument in <u>E.I. Du Pont De Nemours v. Phillips Petroleum Co.</u>, 656 F.Supp. 1343 (D. Del. 1987), aff'd in part, rev'd in part, vacated in part and remanded, 849 F.2d 1430 (Fed. Cir. 1988). There, as here, an alleged infringer argued that the plaintiff's patent claims were invalid due to obviousness. The patent holder offered evidence of commercial success in support of non-obviousness. The defendant argued that the commercial sales data in evidence was "inadequate," and did not support a finding of non-obviousness, because it was "not

commensurate with the scope of the claims." Id. at 1371.

The Court pointed out that the cases relied on by the alleged infringer (like the cases currently relied upon by Teva**)** were patent application cases where the applicant, not the infringer, bore the burden of proof. Id.; see also id. at 1367 n.15 ("Only if [the defendant] had made out a prima facie case of obviousness . . . would DuPont have any burden with respect to such objective evidence of nonobviousness. Even then, the burden would be that of going forward with such evidence, not the burden of proof on that issue."); General Electric Co. v. Hoechst Celanese Corp., 740 F. Supp. 305, 321 (D. Del. 1990). The Court then noted that the Federal Circuit had repeatedly held "in the context of an *issued patent*" that, objective evidence of non-obviousness (i.e. secondary considerations) may be the most pertinent evidence available to aid in reaching a conclusion on obviousness, and should always be considered as an integral part of the analysis. Accordingly, the Delaware District Court explained that in the context of an issued patent, "the question is not whether the evidence of commercial success is 'commensurate in scope with the claims,' but rather whether the evidence is relevant to the question of nonobviousness." Id. at 1371.

Facing a similar question, the United States District Court for the District of Massachusetts held:

4

> [T]he question before me is not whether the improved results are commensurate with the scope of the claims; it is to determine how the evidence effects the question of whether the claimed subject matter as a whole was obvious. The evidence is not to be discounted or ignored or disregarded because it is not commensurate with the scope of the claims.

Gillette Co. v. S.C. Johnson & Son, Inc., 1989 U.S. Dist. LEXIS 8880, at *135 (D. Mass. 1989).

Thus, the Court finds that the relevant question is not whether the licensing evidence is commensurate with the scope of the claims, but whether and to what extent the licensing evidence demonstrates the obviousness or non-obviousness of the claimed subject matter. Once this Court has heard the evidence and arguments from both parties, it will be in a better position to make a determination about the proper weight, if any, to accord to evidence of the Deramaxx license as a secondary consideration supporting non-obviousness.

Accordingly, Teva's in limine motion No. 5 to preclude Pfizer from submitting evidence relating to Deramaxx will be denied.

/s/   John C. Lifland, U.S.D.J.

Dated: October 26, 2006