UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------x
PFIZER INC., :
PHARMACIA CORP.,
PHARMACIA & UPJOHN INC., :
PHARMACIA & UPJOHN COMPANY,
G.D. SEARLE & CO., : CIVIL ACTION No 2:04-cv-754
G.D. SEARLE LLC,
SEARLE LLC (DELAWARE) and : The Honorable John C. Lifland
SEARLE LLC (NEVADA)
                Plaintiffs,

v.

TEVA PHARMACEUTICALS USA, INC.

                Defendant.
------------------------------------x

## PFIZER'S FIRST SET OF INTERROGATORIES

Please take notice that pursuant to the Pretrial Scheduling Order in this action, you are required to answer under oath the Interrogatories within twenty (20) days of their service upon you.

## DEFINITIONS

1. The "'823 patent" means United States Patent 5,466,823.

2. The "'165 patent" means United States Patent 5,563,165.

3. The "'068 patent" means United States Patent 5,760,068.

4. "All," "any," "each," or "every" shall mean all, any, each, and every.

1

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring documents within the scope of the discovery request rather than to exclude documents from its scope.

6. "ANDA" means Abbreviated New Drug Application.

7. "Celebrex®" means Pfizer's 100, 200, and 400 mg celecoxib product described in NDA 20-998.

8. "Celecoxib" means 4-[5-(4-methylphenyl)-3-(trifluoromethyl)-1H-pyrazo-1-yl] benzenesulfonamide.

9. "Communication" means the transmittal of information by any means including orally, electronically, or in writing.

10. "Concerning," "supporting," or "relating to" mean concerning, supporting, relating to, referring to, describing, pertaining to, evidencing, reflecting, identifying, refuting, contradicting or constituting, in whole or in part.

11. "Document" means, in its customary broad sense as defined in Rule 34(a)(1) of the Federal Rules of Civil Procedure without limitation, all printed, recorded, graphic, or written material of every kind and description, including information retained in electronic form or in any computer retrievable form or recorded on tape or disk. These requests seek the original and all non-identical copies of the documents and things requested.

12. "FDA" means the United States Food and Drug Administration.

13. "Foreign counterpart" with respect to a United States patent means a patent application or patent, filed or issued outside of the United States, in which any application in the chain of applications leading to the United States patent was claimed as a priority document in whole or in part.

14. "Identify" when used with respect to a natural person, shall mean to state the name, last known address and telephone number and employment affiliation and position held by that person.

15. "Identify" when used with respect to a person other than a natural person shall mean to state the name, last known address and telephone number of the person.

16. "Identify" when used with respect to a document shall mean to state the nature of the document (*e g.* letter, publication, e-mail) and state the author of the document, the date of the document, identify the person who has custody of the document, and if the document is a publication, the full citation to the document.

17. "Identify" with respect to an oral communication shall mean to state the date, time, and place of the communication, and identify the natural persons participating in the communication including those participating by electronic means.

18. "Including" means including without limitation.

19. "NDA" means New Drug Application.

20. "Patent" means a U.S. or foreign patent together with any divisional, continuation, continuation-in-part, reissue, extension, reexamination, substitute, or renewal application or patent thereof.

21. "Person" means a natural person, any agency, an association, a business, a corporation, an entity, a firm, an instrumentality, a joint venture, an organization, a partnership, or a trust.

22. "Teva" means the defendant Teva Pharmaceuticals USA, Inc., its parents, affiliates, subsidiaries, agents, employees, officers, directors, or persons acting under either defendant's direction or control.

23. "Teva's ANDA" means the ANDA number 76-898 filed by Teva seeking FDA approval to market celecoxib capsules prior to the expiration of the '823, '165, and '068 patents.

24. "Teva Celecoxib Capsules" means the 100 mg, 200 mg, and 400 mg strength celecoxib capsules for which Teva seeks approval to market in Teva's ANDA.

## INSTRUCTIONS

1. The use of the singular form of any word includes the plural form and vice versa.

2. Each interrogatory shall be deemed to be continuing so as to require prompt supplemental responses if Teva obtains or discovers additional information or documents called for by these interrogatories between the time of responding to these interrogatories and the time of trial.

3. Each interrogatory is to be answered separately.

The definitions and instructions herein are for purposes of interrogatories only, and do not constitute definitions for purposes of interpreting any licenses, patents, or other documents at issue in the case.

## INTERROGATORIES

1. Notwithstanding Teva's allegations of invalidity in this matter, do Teva Celecoxib Capsules fall literally within the scope of any of the claims of the '823, '165, or '068 patents? If the response to this interrogatory is anything other than an unqualified admission, state each limitation of each of the claims of the '823, '165, or '068 patents that is not found in Teva's Celecoxib Capsules.

2. For each claim, if any, of the '823, '165, or '068 patents which Teva contends is anticipated under 35 USC § 102(b), identify the printed publication that anticipates the claim and explain how each claim is alleged to be anticipated by the publication.

3. For each claim, if any, of the '823, '165, or '068 patents which Teva contends is obvious under 35 U.S.C. § 103, identify the combination of prior art that renders the claim obvious, describe the teaching of each reference which Teva contends should be combined with others to render the claim obvious, and explain how the prior art is combined and why it would be combined in order to render the claim obvious.

4. With respect to Celecoxib, identify any information relating to its unexpected results, its commercial success, whether it solved a long-felt need, failure of others to solve the problem that its inventors solved, its copying by others in the field, and skepticism of experts, and explain how this information renders any of the claims of the '823, '165, or '068 patents obvious.

5. For each claim, if any, of the '823, '165, or '068 patents, which Teva contends is invalid under 35 U.S.C. § 112, explain why each claim is alleged to be invalid for lack of adequate written description, lack of enablement, and/or failure to disclose the best mode of carrying out the invention.

6. For each claim, if any, of the '823, '165, or '068 patents, which Teva contends is unenforceable due to a breach of the duty of candor as set forth in 37 C.F.R. § 1.56, identify the material information allegedly known to Pfizer that was affirmatively misrepresented or not disclosed to the PTO, and explain why such information was allegedly material.

7. For each claim, if any, of the '823, '165, or '068 patents, which Teva contends is unenforceable due to a breach of the duty of candor as set forth in 37 C.F.R. § 1.56, identify the information that demonstrates Pfizer's alleged intent to mislead the PTO, and explain how such information demonstrates an intent to mislead the PTO.

8. Identify each person who participated in Teva's decision to file Teva's ANDA, or provide advice or information relevant to such decision, including any person who conducted an investigation or study or who considered information concerning market data, patents, or technical issues concerning the decision and describe each such persons role in the foregoing.

9. Identify each location at which celecoxib is or will be manufactured, used or modified in any way and describe such manufacture, use or modification.

10. Identify each manufacturer of any ingredient in the Teva Celecoxib Capsules, or with which Teva has conducted negotiations or entered an agreement for the supply of any ingredient for past or future production of the Teva Celecoxib Capsules.

11. Identify each person who had any role in the development of the formulation of Teva Celecoxib Capsules.

12. Identify each Drug Master File filed with the United States Food and Drug Administration concerning the Teva Celecoxib Capsules or any ingredient contained therein.

Dated: July 30, 2004

By: [signature]

**Leora Ben-Ami**
**Patricia A. Carson**
**Daniel L. Reisner**
**KAYE SCHOLER LLP**
425 Park Avenue
New York, N.Y. 10022-3598
(212) 836-8000

**DAVID E. DE LORENZI (DED-2692)**
**SHEILA F. McSHANE (SFM-6051)**
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102
(973) 596-4500

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing PFIZER'S FIRST SET OF INTERROGATORIES to be served by facsimile and Federal Express on the 30th day of July, 2004, to counsel for the defendants as follows:

> Michael E. Patunas
> LITE, DEPALMA, GREENBERG & RIVAS, LLC
> Two Gateway Center, 12th Floor
> Newark, NJ 07102
> Fax: 973-623-0858
>
> Thomas L. Creel
> GOODWIN PROCTER LLP
> 599 Lexington Avenue
> New York, NY 10022
> Fax: 212-355-3333

Sumir Sennik